| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>March 31, 2025 2:48 PM<br>FILING ID: 7C8ECD49EE6B7<br>CASE NUMBER: 2025CV31179 |
| **Plaintiff**: KYLE CANNON, son, in his individual capacity as the heir-at-law of his father, JOHN WILLIAM CANNON, deceased, and<br><br>KYLE CANNON as Administrator for the Estate of JOHN WILLIAM CANNON, deceased.<br><br>vs.<br><br>**Defendant**: AMERICAN AIRLINES GROUP, INC, AMERICAN AIRLINES, INC., and ENVOY AIR, INC. | ▲COURT USE ONLY ▲ |
| *Attorney for Plaintiff:*<br>Joseph L. LoRusso, #48395<br>Jessica L. McBryant, #51318<br>Ezekiel Denison, #58290<br>RAMOS LAW<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone: (303) 733-6353   Fax: (303) 856-5666<br>E-mail: jlorusso@ramoslaw.com<br>jlmcbryant@ramoslaw.com<br>zdenison@ramoslaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Kyle Cannon, son, in his individual capacity as the heir-at-law of his father, John William Cannon, deceased, and Kyle Cannon, as Administrator for the Estate of John William Cannon, deceased, hereby submits his Complaint and Jury Demand, and for his cause of action against the Defendants alleges and states as follows:

1

1. This wrongful death and survival action arises out of the untimely passing John William Cannon, deceased, on April 29, 2023.

2. At the time of his passing, John William Cannon was sixty-two (62) years of age.

## I. PARTIES

3. Plaintiffs adopt and incorporate by reference paragraph 1 through 2 of their Complaint, above, as if fully set forth herein.

4. Plaintiff Kyle Cannon is a resident of the state of Kentucky and is the surviving son and heir of John William Cannon, deceased, and he brings this action in his individual capacity as an heir of John William Cannon, deceased, pursuant to the provisions of C.R.S. § 13-21-201(c).

5. Plaintiff Kyle Cannon was appointed as the Administrator of the Estate of John Cannon, deceased, in case number 23-P-003407 filed in the Commonwealth of Kentucky District Court of Jefferson County, Probate.

6. John William Cannon, deceased, was, at the time of his death, a resident of Kentucky.

7. Upon information and belief, Defendant American Airlines Group, Inc. is a foreign for-profit is a corporation that has not registered with the Colorado Secretary of State and maintains a principal place of business at 1209 Orange Street, Wilmington, Delaware, 19801. Defendant American Airlines Group, Inc. may be served with Summons through its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware, 19801.

8. Upon information and belief, Defendant American Airlines, Inc. is a foreign for-profit corporation that is registered with the Colorado Secretary of State and maintains a principal address of 1 Skyview Dr. Md8b503 Corporate Secretary, Fort Worth, TX 76155.

Defendant American Airlines, Inc. may be served through its registered agent, Corporation Service Company, at 1900 W. Littleton BLVD., Littleton, CO 80120.

9. Upon information and belief, Envoy Air, Inc. is a foreign for-profit corporation that is registered with the Colorado Secretary of State and maintains a principal address of 4301 Regent Blvd., MD 243, Irving, TX 75063. Defendant Envoy Air, Inc. may be served with Summons through its registered agent, Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

## II. JURISDICTION & VENUE

10. Plaintiffs adopt and incorporate by reference paragraphs 1 through 9 of their Complaint, above, as if fully set forth herein.

11. Though not registered with the Colorado Secretary of State, Defendant American Airlines Group, Inc. maintains, advertises, and performs regular and routine business in the State of Colorado by offering scheduled air carrier service at no less than seven (7) airports in the State of Colorado. Therefore, Defendant American Airlines Group, Inc. has subjected itself to the personal jurisdiction of this Court and the other Courts in the State of Colorado.

12. Defendant American Airlines, Inc. is registered with the Colorado Secretary of State and it maintains, advertises, and performs regular and routine business in the State of Colorado by offering scheduled air carrier service at no less than seven (7) airports in the State of Colorado. Therefore, Defendant American Airlines, Inc. has subjected itself to the personal jurisdiction of this Court and the other Courts in the State of Colorado.

13. Defendant Envoy Air, Inc. is registered with the Colorado Secretary of State and it maintains, advertises, and performs regular and routine business in the State of Colorado by offering scheduled air carrier service at no less than nine (9) airports in the State of

Colorado. Therefore, Defendant Envoy Air, Inc. has subjected itself to the personal jurisdiction of this Court and the other Courts in the State of Colorado.

14. The Court has subject matter jurisdiction over this action pursuant to C.R.S. §13-1-124(1).

15. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) as the Defendants are nonresidents of the State of Colorado, and each Defendant may be found in Denver County, Colorado.

### III. FACTS COMMON TO ALL COUNTS

16. Plaintiffs adopt and incorporate by reference paragraphs 1 through 15 of their Complaint, above, as if fully set forth herein.

17. On April 28, 2023, at or about 12:30PM EDT, John Cannon boarded American Airlines (AAL) flight number 1444 from KSDF to KDFW.

18. Upon information and belief, during the flight, and/or at the time of deboarding, John suffered a syncopal event.

19. After suffering the event, John was helped to the floor of the jet bridge at Gate 12 in Terminal B of the Dallas Fort Worth International Airport (KDFW). Two minutes and fifteen seconds later, John was released to make his connecting flight.

20. While Mr. Cannon exhibited concerning signs of medical distress, AAL personnel proceeded to transfer him from AAL1444 to his connecting flight, AAL4896 (operated by Envoy Air, Inc.), from KDFW to KDRO.

21. During the flight, and/or at the time of deboarding in Durango, Colorado, Mr. Cannon entered a stage of medical crisis which resulted in him becoming unresponsive.

4

22. Despite Mr. Cannon's escalating medical crisis, the AAL4896 flight crew delayed requesting medical assistance until after the aircraft had landed, taxied to the gate, and all other passengers had deplaned.

23. At 1604 hours, a crew member of AAL4896 called emergency services and reported Mr. Cannon as being in and out of consciousness with labored breathing.

24. Fire fighters with Durango La Plata Fire contacted Mr. Cannon and initiated oxygen treatment prior to removing him from the aircraft with members of an EMS team.

25. During transport to Mercy Medical Center, Mr. Cannon suffered sinus bradycardia, which progressed to ventricular fibrillation arrest. The ambulance crew performed approximately ten minutes of chest compressions, administered two doses of epinephrine, and delivered multiple Automated External Defibrillator (AED) shocks. Despite these interventions, Mr. Cannon did not achieve Return of Spontaneous Circulation (ROSC).

26. The following morning, at 0129 hours, Mr. Cannon was pronounced dead.

## COUNT I: NEGLIGENCE / WRONGFUL DEATH
*(American Airlines Group, Inc., American Airlines Inc., Envoy Air, Inc.)*

27. Plaintiffs incorporate by reference the foregoing paragraphs of their Petition as if fully set forth herein.

28. The untimely passing of John William Cannon on April 29, 2023, was the direct and proximate result of the negligence and fault of the Defendants.

28. Defendants American Airlines Inc, American Airlines Group, Inc., and Envoy Air, Inc. breached their duties of care and were negligent in causing the death of John William Cannon, deceased, on April 28, 2023, by, *inter alia*:

5

a) Negligently failing to deny boarding to an individual in medical crisis;

b) Failing to give reasonable first aid onboard the aircraft;

c) Failing to take reasonable steps to turn John William Cannon over to a physician in a timely manner;

d) Failing to pay appropriate attention to the medical condition of John William Cannon;

e) Failing to prioritize John William Cannon in the deboarding process once he exhibited signs of extreme physical distress onboard the aircraft; and

f) Such other and further acts and omissions constituting negligence as may be revealed in discovery.

29. No act or omission on the part of John William Cannon, deceased, caused or contributed to his untimely passing.

30. As a direct and proximate result of the negligence of the Defendants, which caused or contributed to the wrongful death of John William Cannon, deceased, Plaintiff Kyle Cannon, as the surviving heir-at-law of John William Cannon, deceased, has been made to sustain and suffer the damages alleged herein and the losses suffered as more fully set forth herein.

31. As a direct and proximate result of the negligence and fault of these Defendants, John William Cannon, deceased, was made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death and Kyle Cannon, as Administrator for the Estate of John William Cannon, deceased, is entitled to recover for said damages.

**COUNT II: NEGLIGENCE & VICARIOUS LIABILITY**
*(American Airlines Group, Inc., American Airlines Inc., Envoy Air, Inc.)*

32. Plaintiffs incorporate by reference the foregoing paragraphs of their Complaint as if fully set forth herein.

33. At all times material hereto, Defendant American Airlines, Inc. employees, agents, and/or representatives were acting within the nature, course, and scope of their employment with Defendant American Airlines, Inc.

34. At all times material hereto, Defendant American Airlines Group, Inc. employees, agents, and/or representatives were acting within the nature, course, and scope of their employment with Defendant American Airlines, Inc.

35. At all times material hereto, Defendant Envoy Air, Inc. employees, agents, and/or representatives were acting within the nature, course, and scope of their employment with Defendant Envoy Air, Inc.

36. Employees, agents, and/or representatives from Defendant American Airlines, Inc., Defendant American Airlines Group, Inc., and Defendant Envoy Air, Inc. deviated from acceptable standards of care in discharging their responsibilities, and those deviation constitute negligence and fault. The Negligent deviations from the acceptable standards of care include, but are not limited to:

    a) Negligently failing to deny boarding to an individual in medical crisis;

    b) Failing to give reasonable first aid onboard the aircraft;

    c) Failing to take reasonable steps to turn John William Cannon over to a physician in a timely manner;

    d) Failing to pay appropriate attention to the medical condition of John William Cannon;

  e) Failing to prioritize John William Cannon in the deboarding process once he exhibited signs of extreme physical distress onboard the aircraft; and

  f) Such other and further acts and omissions constituting negligence as may be revealed in discovery.

37. No act or omission on the part of John William Cannon, deceased, caused or contributed to his untimely passing.

38. As a direct and proximate result of the negligence of these Defendants, which caused or contributed to the wrongful death of John William Cannon, deceased, Plaintiff Kyle Cannon, as the surviving heir-at-law of John William Cannon, deceased, has been made to sustain and suffer the damages alleged herein and the losses suffered as more fully set forth herein.

39. As a direct and proximate result of the negligence and fault of these Defendants, John William Cannon, deceased, was made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death and Kyle Cannon, as Administrator for the Estate of John William Cannon, deceased, is entitled to recover for said damages.

## COUNT III: NEGLIGENT TRAINING AND RETENTION
*(American Airlines Group, Inc., American Airlines Inc., Envoy Air, Inc.)*

39. Plaintiffs adopt and incorporate by reference the forgoing paragraphs of their Complaint, above, as if fully set forth herein.

40. Defendants American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc. have a duty to exercise reasonable care in the training of their employees, agents, and representatives, which includes, but is not limited to, an obligation to re-train those

individuals periodically and/or upon an indication that an employee's actions are inconsistent with previous training.

41. Upon information and belief, American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc., either failed to provide training and/or re-training or provided inadequate training and/or re-training to its employees, agents and representatives such that they were unable to reasonably care for or assist their passengers, including John William Cannon.

42. By failing to provide training and/or retraining to its employees, agents and representatives, Defendants American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc. breached its duty of reasonable care, and such breach constitutes negligence.

43. As direct and proximate result of the negligence and fault of Defendants American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc., which caused or contributed to the wrongful death of John William Cannon, deceased. Plaintiff Kyle Cannon as the surviving heir-at-law of John Cannon, deceased, has been made to sustain and suffer the damages alleged herein and the losses suffered as more fully set forth herein.

44. As a direct and proximate result of the negligence and fault of the Defendants, John William Cannon, deceased, was made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death, and Plaintiff Kyle Cannon, as Administrator of the Estate of John William Cannon, deceased, is entitled to recover for said damages.

## COUNT IV: NEGLIGENT TRAINING NEGLIGENCE *PER SE*
### *(American Airlines Group, Inc., American Airlines Inc., Envoy Air, Inc.)*

45. Plaintiffs adopt and incorporate by reference the forgoing paragraphs of their Petition, above, as if fully set forth herein.

46. Defendants American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc. have a duty to in the training of their employees, agents, and representatives, which includes, but is not limited to, an obligation to re-train those individuals periodically and/or upon an indication that an employee's actions are inconsistent with previous training.

47. At all relevant times, the provisions and requirements of 14 C.F.R. §121.805 were in effect.

48. 14 C.F.R. §121.805 requires commercial operators, operating under Part 121 rules and statutes, to train crew members for in-flight medical events. The training must include "[i]nstruction in emergency medical event procedures, including coordination among crewmembers," "[i]nstruction in the location, function, and intended operation of emergency medical equipment," and, for each flight attendant, "[i]nstruction, to include performance drills, in the proper use of automated external defibrillators" and "[i]nstruction to include performance drills, in cardiopulmonary resuscitation."

49. Upon information and belief, American Airlines Inc., American Airlines Group, Inc., and/or Envoy Air, Inc., either failed to provide training and/or re-training or provided inadequate training and/or re-training to its employees, agents and representatives such that they were unable to reasonably care for or assist their passengers, including John William Cannon.

50. The purpose of 14 C.F.R. §121.805 is to protect persons such as John William Cannon from the types of injuries, damages, and losses sustained as a result of Defendants' negligence.

51. Defendants' violation of 14 C.F.R. §121.805 constitutes negligence.

52. As direct and proximate result of the negligence and fault of Defendants American Airlines Inc., American Airlines Group, Inc., and Envoy Air, Inc., which caused or contributed to the wrongful death of John William Cannon, deceased, on April 28, 2023. Plaintiff Kyle Cannon as the surviving heir-at-law of John Cannon, deceased, has been made to sustain and suffer the damages alleged herein and the losses suffered as more fully set forth herein.

53. As a direct and proximate result of the negligence and fault of the Defendants, John William Cannon, deceased, was made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death, and Plaintiff Kyle Cannon, as Administrator of the Estate of John William Cannon, deceased, is entitled to recover for said damages.

### COUNT IV: NEGLIGENT HIRING AND SUPERVISION
*(American Airlines Group, Inc., American Airlines Inc., Envoy Air, Inc.)*

54. Plaintiffs adopt and incorporate by reference the forgoing paragraphs of their Petition, above, as if fully set forth herein.

55. Defendants American Airlines Inc., American Airlines Group, Inc. and Envoy Air, Inc. have a duty to exercise reasonable care in the hiring and supervision of its employees, which includes, but is not limited to, an obligation to conduct a reasonable investigation into an employee's work history, experience, background, character, and qualifications.

56. Upon information and belief, American Airlines Inc., American Airlines Group, Inc. and Envoy Air, Inc. breached their duty to exercise reasonable care in hiring employees by not performing adequate background checks, checking qualifications, or reviewing necessary knowledge to perform their tasks.

57. Had Defendants exercised reasonable care in performing and adequate background checks and qualifications check on its hiring employees, John William Cannon would not have passed.

58. Defendants breached these duties by *inter alia*:

    a) Failing to monitor employees, and/or staff to make sure they were complying with policies and procedures regarding a passenger in medical crisis;

    b) Failing interview and test employees and/or staff to make sure they read, and were familiar with, understood, and followed the company policies and procedures regarding medical emergencies, both in flight and in the terminal.

    c) Failing to implement proper policies and procedures for employees and/or staff;

    d) Failing to supervise employees and/or staff to ensure that they were handling medical emergencies appropriately pursuant to company policies and procedure, and Federal Aviation Regulations;

    e) Such other and further acts and omissions constituting negligence as may be shown in the trial of this cause and as discovery progresses.

59. As direct and proximate result of the negligence and fault of Defendants American Airlines Inc., American Airlines Group, and Envoy Air, Inc., which caused or contributed to the wrongful death of John William Cannon, deceased, on April 28, 2023. Plaintiff Kyle

Cannon as the surviving heir-at-law of John Cannon, deceased, has been made to sustain and suffer the damages alleged herein and the losses suffered as more fully set forth herein.

60. As a direct and proximate result of the negligence and fault of the Defendants, John William Cannon, deceased, was made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death, and Plaintiff Kyle Cannon, as Administrator of the Estate of John William Cannon, deceased, is entitled to recover for said damages.

## DAMAGES

61. Plaintiffs reallege and incorporate by reference paragraphs 1 through 60 as if fully set forth herein.

62. No act, omission, or commission on part of John William Cannon, deceased, caused or contributed to his untimely death, or any of the damages being alleged and claimed by Plaintiffs herein.

63. As a direct and proximate result of the negligent acts and omissions of Defendants American Airlines, Inc., American Airlines Group, Inc., and Envoy Air, Inc. which caused or contributed to the wrongful death of John William Cannon, deceased,, Plaintiff Kyle Cannon, individually and on behalf of the heirs-at-law, has been made to sustain and suffer damages which include, but are not limited to mental anguish, suffering, bereavement, loss of society, loss of comfort, loss of companionship, loss of services, loss of attention, funeral expenses, and all other elements of damages as permitted under Colo. Rev. Stat. §§ 12-21-201, 12-21102.5(3)(a), and Colorado law.

64. As a direct and proximate result of the negligence and fault of Defendants American Airlines, Inc., American Airlines Group, Inc., and Envoy Air, Inc., John William Cannon, deceased, was

13

made to sustain and suffer injuries and damages, including but not limited to conscious pain, suffering, mental anguish, loss of time and income, medical expenses, and other damages prior to his death, and Plaintiff Kyle Cannon, as Administer of the estate of John William Cannon, deceased, is entitled to recover for said damages pursuant to the provisions of Colo. Rev. Stat. § 1320-101(2).

65. Plaintiffs are entitled to judgement against these Defendants in an amount in excess of $75,000.00.

WHEREFORE, Plaintiffs prays that judgment be entered in favor of Plaintiffs and against Defendants in an amount in excess of $75,000.00, along with the costs of this action, interest, attorney fees, and such other relief as this Court deems just and equitable. Plaintiff reserves the right to seek exemplary damages against the Defendant in accordance with Colo. Rev. Stat. 1321-102(1.5).

Respectfully submitted this 31st day of March, 2025.

RAMOS LAW
*This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Joseph L. LoRusso*
Joseph L. LoRusso (#48395)
Jessica L. McBryant (#51318)
Ezekiel Denison (#58290)
RAMOS LAW
10190 Bannock Street Suite #200
Northglenn, CO 80260
Telephone: 303-529-7972
Fax: 303-865-5666
jlorusso@ramoslaw.com
jlmcbryant@ramoslaw.com
zdenison@ramoslaw.com
*Attorneys for the plaintiff*